IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00739-BNB

WAYNE BRUNSILIUS,

    Applicant, named as Defendant,

v.

BRIGHAM SLOAN, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 17 2010

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTIONS TO RECUSE AND GRANTING MOTION FOR EXTENSION OF TIME

Applicant, Wayne Brunsilius, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Brunsilus initiated the instant action by filing *pro se* documents titled "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction" and "Motion to Proceed Without Payment."

On April 23, 2010, as part of the Court's review pursuant to D.C.COLO.LCivR 8.2, I ordered Mr. Brunsilius to cure certain deficiencies within thirty days if he wished to pursue his claims. Specifically, Mr. Brunsilius was ordered either to pay the $5.00 filing fee for a habeas corpus action or to file on the proper, Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certificate showing the current balance in his prison account. He also

was ordered to file on the proper, Court-approved form an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On May 3, 2010, Mr. Brunsilius filed a motion pursuant to 28 U.S.C. § 455 to recuse (docket no. 4) because he disagreed with the April 23 order to cure. On May 13, 2010, he filed a second motion to recuse. *See* docket no. 5. On May 13, 2010, Mr. Brunsilius filed a motion for additional time in which to cure the designated deficiencies. *See* docket no. 6.

The Court must construe liberally Mr. Brunsilius's filings because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

I first will address Mr. Brunsilius's motions to recuse. Title 28 U.S.C. § 455(a) provides that a judge or magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

Pursuant to § 455(a), a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Subsection (b) of § 455 sets forth more particularized situations in which a judge must disqualify himself," see *Liljeberg*, 486 U.S. at 871, none of which applies to the instant action. "Congress intended the provisions of § 455(b) to remove any doubt about recusal in cases where a judge's interest is too closely connected with the litigation to allow his participation." *Id.*

Mr. Brunsilius's disagreement with the April 23 order is insufficient to demonstrate that disqualification is appropriate pursuant to § 455(a) or (b). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, I will deny the motions to recuse.

Mr. Brunsilius's May 13 motion for additional time in which to cure the designated deficiencies will be granted. Mr. Brunsilius will be allowed thirty days from the date of this order in which to cure the designated deficiencies. Failure to do so within the time allowed will result in the dismissal of the instant action.

Accordingly, it is

ORDERED that the motions to recuse (docket nos. 4 and 5) filed on May 3 and 13, 2010, are denied. It is

FURTHER ORDERED that the motion for extension of time in which to cure the designated deficiencies is granted. It is

FURTHER ORDERED that Mr. Brunsilius is allowed **thirty (30) days from the date of this order** in which to cure the designated deficiencies. Failure to do so within the time allowed will result in the dismissal of the instant action.

DATED May 17, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00739-BNB

Wayne Brunsilius
Prisoner No. 65458
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/17/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk