IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00739-BNB

WAYNE BRUNSILIUS,

    Applicant,

v.

BRIGHAM SLOAN, Warden, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2010

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant, Wayne Brunsilius, was a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Kit Carson Correctional Center in Burlington, Colorado when he initiated this action on March 31, 2010 by filing *pro se* a document titled "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction." He since has informed the Court that he resides in Lakewood, Colorado.

On April 23, 2010, Magistrate Judge Boyd N. Boland entered an order finding that Mr. Brunsilius's claims properly were asserted pursuant to 28 U.S.C. § 2254 because he was challenging a Colorado state court conviction and directed Mr. Brunsilius to cure certain deficiencies within thirty days if he wished to pursue his claims, including to file his claims on the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

On July 16, 2010, Mr. Brunsilius filed the habeas corpus application on pages one through five of the proper form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On the same day, he also filed a document titled "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction" similar to the document he filed on March 31, but also containing pages six through nine of the proper form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He also paid the $5.00 filing fee for a habeas corpus action.

The Court must construe liberally Mr. Brunsilius's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the habeas corpus application will be denied, and the action will be dismissed for lack of jurisdiction.

This is the second habeas corpus action Mr. Brunsilius has filed attacking his conviction in Jefferson County, Colorado district court case number 90CR1281. *See Brunsilius v. Brill*, No. 07-cv-02581-ZLW (D. Colo. July 2, 2008), *appeal dismissed*, No. 08-1264 (10th Cir. Dec. 16, 2008). In No. 07-cv-02581-ZLW, his habeas corpus application was denied and the action dismissed with prejudice as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Judgment was entered on July 2, 2008. On December 16, 2008, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied a certificate of appealability and dismissed the appeal.

In this action, Mr. Brunsilius again challenges the validity of the state court

2

conviction he challenged in No. 07-cv-02581-ZLW. Therefore, the Court finds that the instant application is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Brunsilius must apply to the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251.

A state prisoner seeking authorization to file a second or successive habeas corpus application pursuant to § 2254 must demonstrate that any claim he seeks to raise, not presented in a prior application, is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Brunsilius contends that he obtained the necessary authorization from the Tenth Circuit and that this Court directed him to refile his application, apparently referring to the April 23 order directing him to file his application on the proper, Court-approved form. *See* July 16 "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction" at 15. However, he has failed to submit the necessary authorization from the Tenth Circuit.

On July 20, 2010, Magistrate Judge Boland entered a minute order noting that Mr. Brunsilius had failed to submit a copy of the authorization he received from the Tenth Circuit allowing him to file the instant second or successive application and that the Tenth Circuit had not notified this Court that such an authorization had been provided to Mr. Brunsilius. Magistrate Judge Boland ordered Mr. Brunsilius to submit within fifteen days a copy of the Tenth Circuit authorization and warned him that failure to do so within the time allowed would result in the dismissal of the instant action. Mr. Brunsilius failed, within the time allowed, to submit a copy of the Tenth Circuit authorization or otherwise to communicate with the Court in any way.

Therefore, the Court will proceed as if Mr. Brunsilius has not obtained the necessary Tenth Circuit authorization. The Court either must dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252.

> Factors [to be] considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

Mr. Brunsilius asserts three claims, one in his amended habeas corpus application filed on July 16 and two more in the document titled "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction," also filed on July 16. The claims are: (1) the state deprived him of the right to a grand jury indictment and a jury trial, (2) the trial court lacked jurisdiction, and (3)

his sentencing was unconstitutional. These claims are not based on either a new rule of constitutional law or newly-discovered evidence as required pursuant to § 2244(b)(2). Furthermore, given that Mr. Brunsilius's prior habeas corpus application was dismissed as time-barred, it appears that his claims challenging the same conviction and sentence in this action also are time-barred. It also was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Brunsilius's claims challenging the validity of his conviction and sentence in Jefferson County District Court case number 90CR1281. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Accordingly, it is

ORDERED that the amended habeas corpus application and the document titled "Complaint and Petition for Removal of Case Pursuant to Title 28 U.S.C. § 1441(a), (b), (c), (e1) to Federal Jurisdiction" are denied, and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __16th__ day of __August__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00739-BNB

Wayne Brunsilius
Prisoner No. 65458
PO Box 150923
Lakewood, CO 80215

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/17/10

                                    GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                Deputy Clerk